Michael Machat, Esq.
MACHAT & ASSOCIATES, P.C.
1875 Century Park East, Ste. 700
Los Angeles, California 90067
Telephone: (310) 860-1833
Telefax: (310) 860-1837
Email: michael@machatlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY MARGRILL, LLC, and MARY MARGRILL,<br><br>Plaintiffs,<br><br>vs.<br><br>BCBG MAX AZRIA GROUP, INC, MACY'S INC, and TREBBIANO, LLC,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For their Complaint, Plaintiffs MARY MARGRILL, LLC and MARY MARGRILL hereby allege and assert as follows:

### I. JURISDICTION AND VENUE

1. Plaintiffs bring this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive competitive practices of Defendants, and each of them, in connection with the commercial use and exploitation of trademarks

in violation of the Lanham Act.

2. This action arises under the Trademark Laws of the United States, including particularly, Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by 28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. Sections 1051, *et seq.*, and by principles of pendent jurisdiction. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) as Defendants transact business in Los Angeles County, California, and a substantial part of the events or omissions giving rise to the claim occurred within this District.

## II.  THE PARTIES

3. Plaintiff Mary Margrill, LLC ("MARY MARGRILL") is a New York Limited Liability Company that sells its jewelry throughout the United States, including all of California and Los Angeles County.

4. Plaintiff Mary Margrill is an individual residing in New York, and is the registrant of the trademarks that defendants have infringed. Plaintiff Mary Margrill licenses these trademarks to MARY MARGRILL, LLC.

5. Defendant BCBG Max Azria Inc ("BCBG") is upon information and belief a Delaware Corporation based in California and doing business in Los Angeles County and elsewhere throughout California and throughout the United States.

6. Defendant Macy's, Inc. ("MACY'S") is upon information and belief a Delaware Corporation based in Ohio and doing business in Los Angeles County and elsewhere throughout California and throughout the United States.

7. Defendant Trebbiano, LLC ("TREBBIANO") is upon information and belief a New York company based in New York and doing business throughout the United States, including in Los Angeles and the rest of California, with defendants

2

MACY'S and BCBG.

### III.   FACTS GIVING RISE TO THIS ACTION

8.   MARY MARGRILL is a pioneer in the world of jewelry for more than 20 years.   MARY MARGRILL is best known as the founder of contemporary spiritually inspired jewelry.   MARY MARGRILL's jewelry is worn by celebrities, yogis, transformational leaders and the every day hero.

9.   Plaintiffs brand is succinctly described on its www.marymargrill.com website as follows:  "Each handmade piece is created with exquisite attention to detail and quality combined with the intention to attract, manifest and cause a breakthrough in your biggest dreams and desires. Mary Margrill's inspired pieces are where mantras and powerful affirmations meet beautifully streamlined designs. Whether you are looking for a gift to make an impact, a piece to commemorate a special occasion, or a wonderful bauble with which to adorn yourself, consider the ingenious designs by Mary Margrill today."

10.   Plaintiff Mary Margrill has been doing business as MARY MARGRILL since at least 2001.   On January 20, 2015, the U.S. Patent & Trademark Office issued Trademark Registration Number 4675260 for the trademark MARY MARGRILL to Mary Margrill for jewelry.

11.   In 2006, Plaintiffs created and began selling a jewelry collection entitled ANYTHING IS POSSIBLE.   On April 8, 2014, the U.S. Patent & Trademark Office issued Trademark Registration Number 4510416 for this trademark to Mary Margrill for costume jewelry and jewelry.

12.   Plaintiffs sell pieces from its ANYTHING IS POSSIBLE line on its website, www.marymargrill.com for prices ranging from approximately $200 to $2200 for pieces encrusted with diamonds and made in 14 karat gold.

13.   Defendant BCBG and MACY have been selling counterfeit versions of

3

Plaintiffs' ANYTHING IS POSSIBLE jewelry for prices as low as $25. Attached as Exhibit 1 is an example of such a counterfeit piece appearing on defendant Macy's website.

14. According to Exhibit 2 a screenshot taken of defendant BCBG's website, the item referred to in Exhibit 1 was so popular it sold out after being offered for sale by Defendant BCBG for just $12.50.

15. The counterfeiting by defendants resulted in actual confusion with not just Plaintiffs' trademark ANYTHING IS POSSIBLE but also with Plaintiff MARY MARGRILL, LLC and Plaintiff MARY MARGRILL herself as indicated in Exhibit 3 showing a Youtube video of Plaintiff Mary Margrill apparently sponsoring defendants' counterfeits.

16. As Exhibit 3 shows, defendants' counterfeiting and infringements have caused confusion with Plaintiffs' trademark MARY MARGRILL in addition to the ANYTHING IS POSSIBLE trademark.

17. When BCBG was confronted about their trademark infringement, counsel for BCBG referred the matter to defendant TREBBIANO who refused to recall the counterfeit items from the marketplace.

18. Defendants have pointed the finger of blame at each other, but the fact remains they are joint tortfeasors in a conspiracy to violate the trademark rights of Plaintiffs and each are guilty of counterfeiting.

19. Defendants wrongful acts and omissions have damaged both the MARY MARGRILL brand and the ANYTHING IS POSSIBLE brand and spoiled the market. Defendants wrongful acts and omissions have caused and continue to cause consumers to think that Plaintifffs' jewelry is not of as high quality as it actually is, and has damaged and continues to damage consumers' perception of Plaintiffs' brands and products.

20. Plaintiffs sell MARY MARGRILL products to celebrities. Celebrities, in general, do not want to buy cheap products. The only way to offset

the damage defendants have caused entails spending lots of money on corrective advertising.

21. Plaintiffs, through counsel, have demanded that defendants remove all references of their counterfeits and all counterfeit products from the internet and from stores. Defendants have refused to do so.

## COUNT I –VIOLATION OF LANHAM ACT 15 U.S.C. §1114
(Against All Defendants)

22. Plaintiffs re-allege the allegations in paragraphs 1 though 21.

23. Defendants have engaged in, and continue to engage in, the wrongful exploitation of the aforementioned registered trademarks.

24. Defendants wrongful use of Plaintiffs' trademarks not only is *likely to confuse* consumers as to the source and origin of defendants' goods but actually has already caused *actual confusion* as to the source and origin of defendants' products.

25. Defendants' counterfeit jewelry branded as ANYTHING IS POSSIBLE so closely resembles Plaintiffs' jewelry that the public is likely to be confused and deceived, and to assume erroneously that defendants' jewelry is that of Plaintiffs, or that defendants counterfeit products are in some way connected with, sponsored by, or affiliated with Plaintiffs, all to Plaintiffs' detriment and irreparable damage.

26. Defendants counterfeit products are not affiliated with, connected with, endorsed by, or sponsored by Plaintiffs, nor have Plaintiffs approved or authorized any of the goods or services offered or sold by defendants.

27. Plaintiffs have no control over the nature and quality of the goods offered and sold by defendants or its licensees. Any failure, neglect, or default by defendants or its licensees in providing such products will reflect adversely on Plaintiffs as being the believed source of said failure, neglect, or default, thereby

hampering Plaintiffs' efforts to continue to protect its outstanding reputation and preventing Plaintiffs from further building its reputation. Said failure, neglect, or default will result in loss of sales by Plaintiffs, and loss of value of Plaintiffs' considerable expenditures to promote its goods and services under its MARY MARGRILL and ANYTHING IS POSSIBLE brands, all to the irreparable harm of Plaintiffs.

28. Defendants have committed trademark infringement of Plaintiffs' trademarks in their deceptive marketing of jewelry using the ANYTHING IS POSSIBLE brand name and in some instances the MARY MARGRILL brand name.

29. Defendants have induced and enabled others to infringe Plaintiffs' trademarks, and trade names.

30. Defendants have acted with bad intent and culpably in selecting, using, and approving of the use of Plaintiffs' trademarks in the distribution, marketing, promotion, advertisement, offering for sale, and sale of jewelry.

31. Defendants have promoted, advertised, offered for sale, and/or sold, jewelry using the ANYTHING IS POSSIBLE trademark and in some cases the MARY MARGRILL trademark through persons not authorized, employed by, or associated in any way with Plaintiffs and have used the aforementioned trademarks as a false designation and a false representation for jewelry.

32. None of the Defendants activities alleged in this complaint have been authorized by Plaintiffs, and such unauthorized use by Defendants of Plaintiffs' trademarks in interstate commerce, commerce substantially affecting interstate commerce in this district, and elsewhere throughout the United States, constitutes infringement and an inducement to infringe Plaintiffs' trademarks, and such activities are likely to cause confusion, mistakes, and to deceive the public at large.

33. Upon information and belief, Defendants have acted with the unlawful purpose of:

a. Improperly taking advantage of the valuable goodwill belonging to Plaintiffs;

b. Soliciting Plaintiffs' customers and/or potential customers, attempting to sell, and selling to such customers and potential customers, jewelry marketed under the ANYTHING IS POSSIBLE brand name (and in some instances the MARY MARGRILL brand name) through persons not authorized by, employed by, or associated in any way with Plaintiffs;

c. Inducing others to infringe Plaintiffs' trademarks; and

d. Causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiffs to be falsely represented as if they were rendered, authorized, sponsored by, endorsed by, or otherwise connected with Plaintiffs and its licensed trademarks.

34. Defendants' conduct, as alleged in this complaint, constitutes a violation of 15 U.S.C. § 1114.

35. If Defendants are allowed to continue marketing and selling the accused products, Plaintiffs will be damaged as alleged in this complaint, and the Defendants will profit thereby. Furthermore, unless the Court permanently enjoins Defendants' conduct as alleged in this complaint, Plaintiffs business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

36. Defendants' aforementioned acts and conduct are being done willfully and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiffs have worked hard to develop. Plaintiff is therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiffs' attorneys' fees and costs.

37. The intentional nature of defendants' acts makes this an exceptional case under 15 U.S.C. §1117(a).

38. The intentional nature of defendants' acts and conduct makes this a case suitable for an award of Three Times Defendants' profits.

39. Since the defendants have intentionally continued to use the mark in commerce knowing such mark is a counterfeit, defendants are additionally liable for damages under 15 U.S.C. §1117(b) (c) for counterfeiting of at least $500 per item sold or $100,000 per counterfeit mark sold.

## COUNT II
## VIOLATION OF LANHAM ACT 15 U.S.C. §1125
### (Against All Defendants)

40. Plaintiffs repeat each allegation contained in paragraphs 1 through 39 as though set forth herein at length.

41. Defendants have engaged in, and continue to engage in, the wrongful exploitation of Plaintiffs' ANYTHING IS POSSIBLE and MARY MARGRILL brands.

42. Defendants' goods are so closely related to Plaintiffs' goods that the public is likely to be confused, to be deceived, and to erroneously assume that Defendants' marketing and sale of their ANYTHING IS POSSIBLE marked jewelry as packaged, advertised and promoted, is that of Plaintiffs, or that Defendants are in some way connected with, sponsored by, or affiliated with Plaintiffs, all to Plaintiffs' detriment and irreparable damage.

43. Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiffs. Furthermore, Plaintiffs have not approved any of the goods or services offered or sold by the Defendants.

44. Defendants conduct as alleged herein is likely to cause confusion, mistake and deceive the public as to the affiliation, connection, or association of defendants counterfeit goods (and/or defendants' co-conspirators) with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' ANYTHING IS

8

POSSIBLE jewelry.

45. Defendants' aforesaid infringing conduct has been willful and committed with an intent to ride on, and/or step on and demolish, the goodwill Plaintiffs have worked hard to develop. Defendants' aforesaid infringing conduct has been willful and with knowledge that the sale, marketing, advertisement, and promotion of their jewelry will damage the goodwill of and hurt the prospects of future commercial success of Plaintiffs' ANYTHING IS POSSIBLE and MARY MARGRILL brands. Plaintiffs are therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiffs' attorneys' fees and costs.

## COUNT III
## UNFAIR COMPETITION – COMMON LAW, AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 et seq.

46. Plaintiffs repeat each allegation contained in paragraphs 1 through 47 as though set forth herein at length.

47. Defendants have engaged in unfair competition perpetrated against Plaintiffs by reason of the conduct alleged herein.

48. The unlawful and unfair conduct is injuring the goodwill of Plaintiffs.

49. Defendants are each liable for the unfair competition, and/or are liable for aiding and abetting such conduct.

50. By this conduct, Plaintiffs have directly suffered injuries and each Defendant has been unjustly enriched.

51. Plaintiffs are entitled to restitution, the recovery of damages, and the recovery of the profits earned by Defendants by virtue of their conduct.

52. As a consequence of the unfair competition by Defendants, Plaintiffs are suffering irreparable injury, by reason of which such conduct should be

enjoined.

53. Plaintiffs are entitled to reasonable attorneys' fees.

54. Plaintiffs are informed and believe, and on that basis allege, that the aforementioned conduct of Defendants is willful, oppressive, fraudulent, and malicious, and Plaintiffs are therefore entitled to punitive damages.

## COUNT IV
## UNFAIR COMPETITION – COMMON LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 et seq.

55. Plaintiffs repeat each allegation contained in paragraphs 1 through 54 as though set forth herein at length.

56. Defendants' use of the words ANYTHING IS POSSIBLE in association with jewelry, misrepresents the nature, characteristics, identity, and source or sponsorship of Defendants' goods, constitutes aiding and abetting liability for deceptive, untrue, and misleading advertising and therefore constitutes a violation of, inter alia, California Business and Professions Code §§17500 et seq. and California common law.

57. Defendants' uses are likely to deceive and will continue to deceive the consuming public. Defendants knew, recklessly disregarded, or reasonably should have known that such packaging, advertising, marketing, and promotion was untrue and/or misleading.

58. As a result of the conduct described above, Defendants have been and/or will be unjustly enriched at the expense of Plaintiffs and the general public. The interests of the general public and Plaintiffs are, therefore, closely related.

59. If not enjoined, Defendants will be unjustly enriched, among other things, by the receipt of sales revenues from consumers who mistakenly think that they are purchasing one of Plaintiffs' pieces of jewelry, both in California and

throughout the world, but instead would be purchasing Defendants' goods which are promoted and sold through advertisements that affirmatively misrepresent, either directly or by implication, the nature, characteristics, identity, and source or sponsorship of the goods.

60. Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiffs, on behalf of themselves and the general public, which is unable effectively to assert its interests, seeks an order of this Court ordering Defendants immediately to cease such support for acts of unfair competition and false advertising, and enjoining Defendants from continuing to import or export, distribute, market, promote, advertise, offer for sale, and sell, jewelry (or jewelry accessories) branded with or promoted with the words ANYTHING IS POSSIBLE, and from falsely advertising or conducting business via the unlawful, deceptive, unfair or fraudulent business acts and practices, and the untrue and misleading advertising complained of herein. Plaintiffs additionally request an order disgorging Defendants' ill-gotten gains and restitution of all monies wrongfully acquired by Defendants by means of their support of such acts of unfair competition and false advertising, damages, interest and attorneys' fees.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. That the Court adjudge and decree that Defendants have falsely designated the origin of certain jewelry products as those of Plaintiffs, have made and used false representations in connection with the sale, offering for sale, promotion and advertising of such products, and have unfairly competed with Plaintiffs at common law.

2. That the Court adjudge and decree that Defendants have infringed Plaintiffs' registered ANYTHING IS POSSIBLE and MARY MARGRILL trademarks for jewelry.

11

3. That the Court permanently enjoin Defendants, its agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or with any of them from:

    a. Using ANYTHING IS POSSIBLE, or MARY MARGRILL in connection with the sale, offering for sale, advertising, and/or promotion of jewelry or other related products;

    b. Selling, offering to sell, marketing, distributing, advertising and/or promoting any jewelry item with the words ANYTHING IS POSSIBLE or MARY MARGRILL displayed on the product, its packaging, advertising or promotional materials or on any website unless it is the genuine article sourced from Plaintiffs or Plaintiffs' representatives;

    c. Representing directly or indirectly by words or conduct that any piece of jewelry or accessory offered for sale, sold, promoted, or advertised by Defendants, is authorized, sponsored by, endorsed by, or otherwise connected with Plaintiffs unless the jewelry or accessory is in fact the genuine article sourced from Plaintiffs;

    d. Aiding or abetting in unfair competition against Plaintiffs;

    e. Aiding or abetting in false advertising; and

    f. Inducing others to engage in any of these aforementioned acts.

4. That the Court award an amount to be determined at trial but at least an amount equivalent to treble the amount of Defendants' illicit profits or Plaintiffs' lost profits, whichever is greater.

5. That the Court award Plaintiffs at least an additional $500,000.00 to cover the cost of prospective corrective advertising.

6. That the Court award Plaintiffs at least an additional $200,000.00 for its intentional counterfeiting of Plaintiffs' marks.

7. That the Court award Judgment against Defendants for the full costs of

this action, including the attorney's fees reasonably incurred by Plaintiffs.

8. That the Court Order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper.

9. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiffs, in their discretion, to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement of compliance therewith, and/or for the punishment of any violation thereof.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: July  6 , 2015        By:  *Michael Machat*
                                   Michael Machat, Esq.
                                   Attorneys for Plaintiffs

### DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury on all issues raised by the Complaint.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: July  6 , 2015        By:  *Michael Machat*
                                   Michael Machat, Esq.
                                   Attorneys for Plaintiffs

13